**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RONALDO ANTONIO GARCIA AYALA,

Petitioner,

v.

Case No. 1:26-cv-02493-MIS-KRS

GEORGE DEDOS, Warden Cibola County Correctional Center; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director; TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID VENTURELLA, in his official capacity as Acting Director of the U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security,

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Ronaldo Antonio Garcia Ayala's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 30, 2026. Petitioner is a citizen of Honduras who entered the United States in March of 2019. Notice to Appear, ECF No. 1-1. Shortly after his arrival, he encountered immigration officials who designated him "an alien present in the United States who has not been admitted or paroled," and then released him on his own recognizance. Id. Since then, Petitioner has resided in Texas with his family, maintained steady employment, and complied with every obligation and reporting requirement mandated by immigration officials. Pet. at 6.

Nevertheless, immigration officials detained Petitioner while he was driving to work on March 9, 2026. Id. at 5. He has remained in detention ever since and is currently detained at Cibola County Correctional Center in Milan, New Mexico. Id. at 1, 6.

Petitioner argues that his detention should be governed by 8 U.S.C. § 1226(a), and as such his detention without a constitutionally adequate bond hearing violates his Fifth Amendment right to due process. Id. at 6. He seeks immediate release from detention. Id. at 7.

On August 17, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709, (10th Cir. June 30, 2026), requires relief." Id.

On August 21, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 6. Therein, they state:

> Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case … Respondents acknowledge that the holding in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026) appears to compel granting the Petition and appropriate relief, and Respondents are unsure whether this Court has already ruled on the legal issues in this case. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d

904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is the same situation presented here.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Ronaldo Antonio Garcia Ayala from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents shall return all seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE